UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Daniel Maher and Colin's Place LLC, | Civ. No. 24-4081 (PAM/SGE) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| White Bear Township, a Minnesota Municipal Corporation, | |
| Defendant. | |

This matter is before the Court on Defendant White Bear Township's Motion for Summary Judgment. (Docket No. 40.) For the following reasons, the Motion is granted.

**BACKGROUND**

In May 2022, Plaintiff Daniel Maher purchased a single-family home in White Bear Township to operate as a sober house through his company, Plaintiff Colin's Place LLC. (Decl. of Joshua P. Devaney (Docket No. 24) Ex. A at 9–11, 14.) The area in which the home is located is zoned as an "R-1 Suburban Residential" district. (Land Use Rec. (Docket No. 22) at 000901.) The purpose of this zoning district is to "provide for low density, high quality living areas, protected from conflicting uses. Uses provided for in this district include no more than one single family detached residential dwelling unit per buildable lot and directly related to complementary uses." (Id. at 001018.) The zoning code allows five unrelated individuals to maintain a common household. (Id. at 000904.) Also in May 2022, Maher applied for a rental license, and it was approved.

(Id. at 000932.) The license allowed Maher to use the property as a sober home for five or fewer unrelated individuals.

In December 2022, Maher applied for an amendment to the zoning ordinance to allow him to accommodate up to ten people at the home. (Id. at 000935–37.) The Township board heard his request at an open hearing in March 2023. (Id. at 000969–93.) At the hearing, Maher explained that he was seeking to accommodate more tenants because "it's more of a community when you have 7, 8, 9 men working together for the same common goal of staying sober and . . . it builds more community by having that other number." (Id. at 000975.) Two witnesses involved in the Minnesota Association of Sober Homes spoke on Maher's behalf. (Id. at 000975–83.) One of those witnesses testified that he operates a sober house with four individuals, which the Township Board reasonably construed as supporting that a sober house could effectively operate with five or even fewer occupants. (Id.)

At the end of the hearing, the Township Board concluded that the sober house could achieve its purpose with five residents, and denied Maher's requested amendment. (Id. at 000985.) The Board suggested, however, that if the property were reconfigured into a duplex, each half of the duplex could hold five residents. This lawsuit followed.

Plaintiffs bring claims for violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12102(2) et seq. Defendant White Bear Township moves for summary judgment and also moves to strike Plaintiffs' additional submission titled "Statement of Material Facts in Dispute." (Docket Nos. 20, 40.)

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Tolan v. Cotton, 572 U.S. 650, 660 (2014). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for the nonmoving party. Id. at 248.

**A.   Motion to Strike**

Defendant moves to strike "Plaintiffs' representations of fact in Plaintiffs' response memorandum that are unaccompanied by a citation to the record" and Plaintiffs' document titled, "Statement of Material Facts in Dispute," which consists of a list of some quotes but mostly paraphrased evidence and the corresponding exhibit from which it derives. (Docket No. 37.) As Defendant points out, Local Rule 7.1(c) does not allow for such a filing to accompany a dispositive motion. However, the Federal Rules only allow for striking a pleading, which Plaintiffs' document is not. See Fed. R. Civ. P. 12(f).

Defendant is correct that Plaintiffs fail to cite the record in their memorandum in opposition to demonstrate that any material fact is in dispute. The Rules require a party

3

asserting that a material fact is in dispute to support its assertion with a citation to the record. Id. R. 56(c)(1)(A). If a party fails to properly support its own assertion of fact or dispute another party's assertion of fact, the court may consider the fact undisputed or granted the opposing party's motion for summary judgment "if the motion and supporting materials . . . show that the movant is entitled to it." Id. R. 56(e)(3). Indeed, the Court could grant Defendant's Motion for Summary Judgment on this basis alone.

**B.     Motion for Summary Judgment**

The Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") prohibit municipalities from discriminating on the basis of disability. Under the FHA, it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1). Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." Id. § 12132. These statutory provisions apply to municipal zoning ordinances. See Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc., 576 U.S. 519, 539 (2015).

Plaintiffs advance theories of disparate treatment and reasonable accommodation under the FHA and ADA.[1] Because the FHA and ADA are substantially similar, the

---

[1] Plaintiffs clarified at the hearing that they are not relying on a disparate-impact theory.

4

Court will address them together.  See One Love Hous., LLC v. City of Anoka, Civ. No. 19-1252, 2021 WL 3774567, at *9 (D. Minn. Aug. 25, 2021) (Tunheim, J.).

1. **Disparate Treatment**

"Proof of discriminatory purpose is crucial for a disparate treatment claim." Gallagher v. Magner, 619 F.3d 823, 831 (8th Cir. 2010) (citing Bhd. of Teamsters v. United States, 431 U.S. 324, 355 n.15 (1977). "Determining whether a municipality's zoning decision was tainted by discriminatory intent 'demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.'" Meraki Recovery Hous., LLC v. City of Coon Rapids, Civ. No. 20-203, 2021 WL 5567898, at *5 (D. Minn. Nov. 29, 2021) (Schiltz, C.J.) (quoting Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 266 (1977)).

Plaintiffs' disparate treatment claim fails because they do not demonstrate that any material facts are in dispute.  The Township's zoning code allows for operation of a sober home of five people.  Indeed, Plaintiffs operate the residence as a sober home and have a license to do so.  Plaintiffs provide no evidence of any allegedly discriminatory statements or any other direct evidence of discriminatory motive for the Township Board's decision.

Plaintiffs argue that the mere fact that they had to apply for an amendment is evidence of disparate treatment, although they provide no authority to support this assertion, nor can they.  Further, the Township Board considered the amendment and a reasonable-accommodation request without any indication of discriminatory animus.  Although Plaintiffs reference, without citing to the record, a handful of out-of-context

5

statements by Township staff, they fail to demonstrate that such alleged comments were ever shared with the Township Board or played any role in the decision to deny Plaintiffs' request.

Plaintiffs argue that Board Chair Prudhon made problematic comments showing discriminatory animus but fail to provide evidence in support. Indeed, Plaintiffs failed to cite to any evidence showing bias on the part of Prudhon or any board member. Even if Prudhon had made such a remark, he had only one vote and "[a]n individual member of a decision-making body who acts with an impermissible purpose cannot be held liable for a collective decision if the remainder of the body acted without such a purpose." Holman v. Cnty. of Carlton, Minn., Civ. No. 20-224, 2022 WL 3371001, at *4 (D. Minn. Aug. 16, 2022) (Schiltz, C.J.) (citations omitted). The record supports a finding that the Board's discussion and decision was exclusively related to the number of residents at the house. As a result, the Township's Motion is granted as to Plaintiffs' disparate-treatment claim.

### 2. Reasonable Accommodation

"In a reasonable accommodation case, the 'discrimination' is framed in terms of the failure to fulfill an affirmative duty—the failure to reasonably accommodate the disabled individual's limitations." Peebles v. Potter, 354 F.3d 761, 767 (8th Cir. 2004) (citation omitted). To establish a claim for denial of a requested accommodation, Plaintiffs must demonstrate that their requested accommodation was reasonable and necessary. One Love Hous., 93 F.4th at 432–35. Plaintiffs fail to do so. As Defendant argues, Plaintiffs provide no evidence that any material fact is in dispute regarding the

6

reasonableness or necessity of changing the Township's zoning rules to accommodate their amendment request.

Plaintiffs claim that it was unreasonable for the Township to suggest that Maher needed to apply for an amendment, as it was unlikely to succeed. Even though it was ultimately unsuccessful, the record shows that the Township Board considered the amendment and also treated Plaintiffs' request as a reasonable accommodation request to deviate from the zoning rules. Further, the Board was open to the idea of allowing additional residents by suggesting that Plaintiffs apply for a conditional use permit and convert the property into a duplex.

Finally, Plaintiffs contend that it is unnecessary to apply for a reasonable accommodation when doing so would be futile. But the facts show that Plaintiffs did file for an accommodation thus negating the futility argument.

There is no genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion for Summary Judgment (Docket No. 20) is **GRANTED**;

2. Defendant's Motion to Strike (Docket No. 40) is **DENIED as moot**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 20, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge